FILED ___ ENTERED
___ LOGGED ___ RECEIVED
JAN 5 2018
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
AT BALTIMORE
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES FURTH, #43228-037          *
    Petitioner,
  v.                                   *   CIVIL ACTION NO. RDB-17-3027
                                                    CRIMINAL NO. RDB-07-0557
UNITED STATES OF AMERICA,          *
    Respondent.
                            *****

## MEMORANDUM OPINION

On April 25, 2008, Charles Furth was sentenced by United States District Judge William D. Quarles, Jr. to a 168-month term of imprisonment on one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B). Criminal judgment was entered on April 29, 2008. *See United States v. Furth*, Criminal No. RDB-07-0557 (D. Md.) at ECF No. 16. No appeal was noted.

On October 16, 2017, Furth, who is now confined at the Federal Correctional Institution in Fort Dix, New Jersey, filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255, dated September 26, 2017, raising a challenge to his sentence. He argues that, due to Amendment 801 of the United States Sentencing Guidelines ("USSG"), his sentence should be reduced.[1] *United States v. Furth*, Criminal No. RDB-07-0557 (D. Md.) at ECF No. 18, p. 4.[2]

On October 18, 2017, the Court issued a show cause order granting the parties an opportunity to brief the issue of timeliness. *Id.* at ECF No. 19. On December 8, 2017, the Government filed a

---

[1] Amendment 801 of the USSG went into effect on November 1, 2016, and requires that in order for a two-level enhancement to apply, the distribution of child pornography be done knowingly. *See* USSG Supp. to App'x. C, Amend. 801; *see also United States v. Franco*, 659 F. App'x. 960, 962 n.1 (10th Cir. 2016).

[2] The Court references the electronic pagination.

response, arguing that the Motion to Vacate was time-barred. *See United States v. Furth,* Criminal No. RDB-07-0557 (D. Md.) at ECF No. 20. Furth has not filed a Reply, although provided the opportunity to do so.

Criminal judgment was entered on April 29, 2008. As noted, Furth did not file an appeal. A criminal conviction becomes final at the end of the appellate process, which is "when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires; once final, that judgment is presumptively valid and can serve as the basis for future proceedings and judgments." *United States v. Oliver,* --- F.3d ---, ---, 2017 WL 6505851, *3 (4th Cir. Dec. 20, 2017). Furth's conviction became final when the 14-day period for filing an appeal pursuant to Fed Rule App. Proc. 4(b)(1) expired, or on May 13, 2008. Therefore, Furth had until May 13, 2009, to file a timely Motion to Vacate. He did not do so.

Furth asserts that the USSG Amendment at issue, "Retroactive" Amendment 801, did not become available until November 1, 2016. *United States v. Furth,* Criminal No. RDB-07-0557 (D. Md.) at ECF No. 18, p. 8. He seemingly invokes 28 U.S.C. § 2255(f)(3) to assert that his Motion is timely because it was filed within one year of the enactment of the Amendment.

Title 28 U.S.C. § 2255(f)(3) provides that the one-year limitation period shall run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. On November 1, 2016, the United States Sentencing Commission ("Commission") amended

§ 2G2.2(b)(3)(B) to reject the view that a defendant's knowing use of file-sharing software generally satisfies the requirements for a five-level enhancement. The amended guideline provides that the enhancement applies only? if "the defendant distributed in exchange for any valuable consideration." USSG § 2G2.2(b)(3)(B) (2016); *see* USSG App. C, amend. 801. This means that the increase applies where a defendant "agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child." *Id.*, comment (n.1).

In order for a Supreme Court decision to restart the one-year statute of limitations under § 2255(f)(3), the decision must both (1) recognize a new right and (2) be made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3). Furth may not rely on the USSG Amendment to restart the limitations period as the amendment by the Commission is not a decision by the Supreme Court decision recognizing a new right and is not a decision that has been made retroactive.[3] As such, Furth's argument for statutory tolling cannot prevail.

The one-year limitation period may be forgiven if a petitioner shows that "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) ... prevented him from filing on time." *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)). A petitioner must show some wrongful conduct by a respondent

---

[3] There is no showing that the Amendment was made retroactive by the Commission, as set forth under the Guidelines policy statement USSG § 1B1.10.(d). USSG § 1B1.10 lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, rather than direct appeal, and Amendment 801 is not listed in §

3

contributed to the delay in filing, or that circumstances beyond his control caused the delay. *See Rouse,* 339 F.3d at 246. "[A]ny resort to equity must be reserved for those rare instances where ... it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2006). Generally, the petitioner must show that he has been diligently pursuing his rights and some extraordinary circumstance prevented him from filing a timely petition. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Rouse,* 339 F.3d at 246. Furth does not provide evidence indicating he is entitled to equitable tolling.

In *Slack v. McDaniel,* 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Furth does not satisfy this standard, and the Court declines to issue a Certificate of Appealability. The Motion to Vacate shall be dismissed. A separate Order follows.

Date: January 5, 2018

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

1B1.10 as retroactively applicable.